UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

In re:
Saint Cloud Inc,
Debtor and Debtor-in-Possession.

Case No. 25-40893
Chapter 11, Subchapter V

MOTION TO AUTHORIZE USE OF ESTATE FUNDS TO RETAIN BANKRUPTCY COUNSEL AND REQUEST FOR EXPEDITED HEARING

TO THE HONORABLE [JUDGE'S FULL NAME], UNITED STATES BANKRUPTCY JUDGE:

Debtor and Debtor-in-Possession, Saint Cloud Inc ("Debtor"), hereby respectfully submits this motion seeking an order of the Court authorizing the Debtor to use estate funds to retain legal counsel to comply with the requirement that a corporate debtor must be represented by licensed counsel in a Chapter 11 proceeding. In support thereof, Debtor states the following:

I. BACKGROUND

1. Debtor filed this Chapter 11, Subchapter V case on [Filing Date] and is operating as debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.
2. Debtor is a Corporation.
3. At present, Debtor is not represented by bankruptcy counsel admitted in the State of California, and as a corporate debtor, it cannot proceed pro se.
4. An attorney licensed in Wisconsin, Thomas Demuth, has agreed to represent the Debtor but requires Pro Hac Vice admission.
5. Debtor must retain local California bankruptcy counsel to act as sponsoring attorney.
6. Debtor currently lacks liquidity to retain local counsel, despite having estate assets that could be used with court approval.

II. RELIEF REQUESTED

7. Debtor requests authority to use estate funds to:
   (a) retain local California bankruptcy counsel solely for sponsoring pro hac vice admission;
   (b) compensate said counsel for limited initial representation.
8. This is in the estate's best interest and will prevent procedural dismissal and support reorganization.

## III. BASIS FOR RELIEF

9. Under 11 U.S.C. §§ 327 and 330, the Debtor may employ professionals and compensate them with court approval.
10. Under 11 U.S.C. § 363(b)(1), the Court may authorize the use of estate property upon showing sound business judgment.
11. The proposed use of funds meets this standard.

## IV. REQUEST FOR EXPEDITED RELIEF

12. The Debtor requests this Motion be heard on an expedited basis due to the courts deadline for remedy related to recent dismissal.
13. Debtor is prepared to provide notice as directed by the Court.

## V. PRAYER FOR RELIEF

WHEREFORE, the Debtor respectfully requests that this Court enter an order:
1. Authorizing the Debtor to use estate funds to retain California counsel;
2. Approving such retention for purposes of pro hac vice sponsorship;
3. Scheduling an expedited hearing, if appropriate; and
4. Granting further relief as deemed just.

Respectfully submitted,
Dated: July 24, 2025

Ray Walker
CEO / President
Saint Cloud Inc
510-599-5080

## Attachment A

Your Honor,

I'm writing to you today to share my experience at present. I currently have an attorney, Thomas Demuth (residing and practicing in WI), that is prepared to represent Saint Cloud Inc in these Bankruptcy proceedings. I understand that you are open to reconsideration of my request for reinstatement of Saint Cloud's Chapter 11, and I appreciate this opportunity. At present, Saint Cloud Inc is without a single dollar in its treasury. There are however, funds that are being held by Saint Cloud Inc's wholesale partner, Park Street Imports, in an approximate amount of $185,000. Arkansas Wine and Spirits, Saint Cloud Inc's distributor, is refusing to release $42,000. Both of these parties refused to honor your automatic stay. As a result of this, Saint Cloud Inc is unable to find local representation. I, myself, typically fund Saint Cloud Inc. However, I have not had income for roughly one year, Saint Cloud Inc is my only source of income. I cannot afford an attorney and Saint Cloud Inc cannot afford an attorney, who would otherwise sponsor Saint Cloud Inc's Pro Hac Vice. This effectively makes it impossible to satisfy the requirement made in the recent reconsideration. We have tried Pro Bono and have failed. Please consider allowing Thomas D...

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

In re:
**Saint Cloud Inc**,
Debtor and Debtor-in-Possession.

Case No. **25-40893**
Chapter 11, Subchapter V

**[PROPOSED] ORDER AUTHORIZING USE OF ESTATE FUNDS TO RETAIN BANKRUPTCY COUNSEL AND ALLOWING LIMITED RETENTION OF CALIFORNIA COUNSEL FOR PURPOSES OF PRO HAC VICE SPONSORSHIP**

Upon consideration of the Debtor's **Motion to Authorize Use of Estate Funds to Retain Bankruptcy Counsel and Request for Expedited Hearing** (the "Motion"), filed by **Saint Cloud Inc** (the "Debtor"), the Court finds that:

1. The Debtor has shown good cause for the relief requested;

2. The Debtor has demonstrated that corporate debtors must be represented by legal counsel and that the inability to retain counsel due to access limitations to estate funds creates risk of prejudice and dismissal;

3. An out-of-state attorney is prepared to represent the Debtor, and the retention of local counsel is necessary to fulfill pro hac vice requirements;

4. Use of estate funds for limited counsel retention is in the best interest of the estate and creditors;

5. Proper notice of the Motion was given to the Subchapter V Trustee, the U.S. Trustee, and other relevant parties;

IT IS HEREBY ORDERED THAT:

1. The Debtor is authorized, pursuant to 11 U.S.C. §§ 327, 330, and 363(b), to use estate funds to retain California bankruptcy counsel to sponsor the pro hac vice application of the Debtor's out-of-state counsel.

2. The local California counsel may be retained for the limited purpose of sponsoring such application and providing compliance-related support as necessary to facilitate proper representation of the Debtor.

3. The retention and compensation of said counsel shall remain subject to further approval and procedures under applicable bankruptcy rules and local guidelines.

4. The Court reserves jurisdiction to interpret and enforce the terms of this Order.

IT IS SO ORDERED.

Dated: _____

**Honorable [Judge's Full Name]**
United States Bankruptcy Judge
Northern District of California